UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JASON JAYCOX, ) | |
| ) | |
| Plaintiff(s), ) | |
| ) | |
| vs. ) | Case No. 4:19-cv-02650 SRC |
| ) | |
| TEREX CORPORATION, et al., ) | |
| ) | |
| Defendant(s). ) | |

**MEMORANDUM AND ORDER**

This matter comes before the Court on Defendant Terex USA, LLC's Motion to Dismiss [46].

**I.   BACKGROUND**

Plaintiff Jason Jaycox worked as an operations manager at Hansen's Tree Service, who used a grinder purchased from Defendants.  While cleaning the grinder at the end of the day, Jaycox fell from it landing on his head and face.  Jaycox alleges the grinder was defective and not reasonably safe for intended use in that it did not include safe-fall protection and did not include sufficient warnings about the defective nature of the machine.  He asserts three counts against Defendants: (1) Strict Liability; (2) Negligence; and (3) Warranty.

In his original complaint, Jaycox only asserted claims against Terex Corporation and Continental Biomass Industries, Inc.  Doc. 1.  After learning throughout the course of litigation that Terex USA allegedly manufactured the grinder, Jaycox filed his Second Amended Complaint asserting claims against Terex USA.  Terex USA now moves to dismiss arguing the statutes of limitation bar the claims against it.

1

## II.     STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a party may move to dismiss a claim for "failure to state a claim upon which relief can be granted." The notice pleading standard of Rule 8(a)(2) requires a plaintiff to give "a short and plain statement showing that the pleader is entitled to relief." To meet this standard and to survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations and citation omitted). This requirement of facial plausibility means the factual content of the plaintiff's allegations must "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Park Irmat Drug Corp. v. Express Scripts Holding Co.*, 911 F.3d 505, 512 (8th Cir. 2018) (quoting *Iqbal*, 556 U.S. at 678). The Court must grant all reasonable inferences in favor of the nonmoving party. *Lustgraaf v. Behrens*, 619 F.3d 867, 872-73 (8th Cir. 2010). Ordinarily, only the facts alleged in the complaint are considered for purposes of a motion to dismiss; however, materials attached to the complaint may also be considered in construing its sufficiency. *Reynolds v. Dormire*, 636 F.3d 976, 979 (8th Cir. 2011).

When ruling on a motion to dismiss, a court "must liberally construe a complaint in favor of the plaintiff[.]" *Huggins v. FedEx Ground Package Sys., Inc.*, 592 F.3d 853, 862 (8th Cir. 2010). However, if a claim fails to allege one of the elements necessary to recover on a legal theory, the Court must dismiss that claim for failure to state a claim upon which relief can be granted. *Crest Constr. II, Inc. v. Doe*, 660 F.3d 346, 355 (8th Cir. 2011). Threadbare recitals of a cause of action, supported by mere conclusory statements, do not suffice. *Iqbal*, 556 U.S. at 678; *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007). Although courts must accept all

2

factual allegations as true, they are not bound to take as true a legal conclusion couched as a factual allegation. *Twombly*, 550 U.S. at 555 (internal quotations and citation omitted); *Iqbal*, 556 U.S. at 677-78.

## III. DISCUSSION

Terex USA argues the statues of limitations bar Jaycox's claims against it because Jaycox filed the Second Amended Complaint adding Terex USA as a defendant after the limitations period had ended. Terex USA claims Jaycox cannot rely on relation back under Rule 15(c) because Jaycox added Terex USA as a defendant and did not substitute it for another defendant.

Rule 15(c)(1) allows for an amendment to a pleading to relate back to the date of the original pleading when:

> (A) the law that provides the applicable statute of limitations allows relation back;
>
> (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out – or attempted to be set out – in the original pleading; or
>
> (C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by an amendment:
>
>> (i) received such notice of the action that it will not be prejudiced in defending on the merits; and
>>
>> (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

"The rule mandates relation back once the rule's requirements are satisfied; it does not leave the decision whether to grant relation back to the district court's equitable discretion." *Krupski v. Costa Crociere S. p. A.*, 560 U.S. 538, 553 (2010).

Jaycox's Second Amended Complaint relates back to the filing of his original complaint under Rule 15(c)(1)(C). Terex USA does not challenge whether the amendment asserts a claim

3

or defense that arose out of the conduct, transaction or occurrence set out in the original complaint, nor can it. The facts surrounding the accident and the general allegations against Defendants remain the same. Terex USA also does not challenge Jaycox received notice of the action within the period provided by Rule 4(m) so that it will not be prejudiced in defending on the merits. Terex USA only challenges whether Jaycox's amendment adding Terex USA constitutes a mistake concerning the proper party's identity.

"[A] mistake occurs if a plaintiff knows that two or more parties exist but chooses to sue the wrong one based on a misunderstanding about that party's status or role." *Heglund v. Aitkin Cty.*, 871 F.3d 572, 579 (8th Cir. 2017). Jaycox did exactly that – he sued the wrong party, Terex Corporation, based on a misunderstanding about Terex Corporation's status or role. Consequently, he amended his complaint to allege the proper status or role to the proper party. He substituted Terex USA into the role of Terex Corporation and changed Terex Corporation's role. Nothing in the text of the rule, or in any case law provided by Terex USA, suggests Jaycox must dismiss Terex Corporation to meet the requirements of Rule 15(c)(1)(C). Because Jaycox meets the requirements of Rule 15(c)(1)(C), his Second Amended Complaint relates back to the filing of his original complaint and his claims against Terex USA are timely.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Terex USA, LLC's Motion to Dismiss [46] is **DENIED**.

So Ordered this 1st day of June, 2020.

                                        **STEPHEN R. CLARK**
                                        **UNITED STATES DISTRICT JUDGE**